PER CURIAM.
The petitioner, Pickles, has filed in this court for a writ of certiorari directed to a summary final judgment on limited issues which he raised in his law suit. The complaint was filed against the two individual respondents, McArthur and Alonso, and also Dade County. Basically, the plaintiff alleges that McArthur and Alonso, while acting within the course and scope of their employment as Deputy Sheriffs for the Dade County Public Safety Department, committed the following torts upon Pickles: assault, battery, arrest, false arrest, imprisonment, false imprisonment, unlawful detention, and use of excessive, unnecessary and unwarranted force. Moreover, the complaint also contains an allegation of negligence in that the county and Alonso should both have known of the violent propensities of McArthur, and either or both should not have permitted him to continue carrying out his duties as a Deputy Sheriff.
The circuit court determined that there was no genuine issue as to any material fact having any bearing upon the question of whether these individuals were acting within the course and scope of their employment. The judge found that they were not engaged in carrying out any of their responsibilities at the time their alleged torts occurred. We have reviewed the record carefully and have concluded that the judge was correct in this determination. Therefore, having so found, the circuit judge properly held that as a matter of law, the county could not be charged with any cause of action. The judge entered a summary judgment to that effect which has been brought for review in Pickles v. Dade County, Fla.App., 240 So.2d 864. As to the individual deputies, respondents herein, the court further entered final summary judgment in their favor as to the allegations of arrest, false arrest, imprisonment, and false imprisonment.
The petitioner contends that the summary judgment on the above issues was erroneous in that the final partial summary judgment failed to adhere to Florida Rules of Civil Procedure 1.510(d), 31 F.S.A. We cannot agree. Rule 1.510(d) provides as follows:
“On motion under this rule if judgment is not rendered upon the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified shall be deemed established and the trial or final hearing shall be conducted accordingly.”
It appears to us that the court adhered to the rule in that it determined no cause of action existed as to those alleged torts which were dependent upon the respondents’ acting within their duties as Deputy Sheriffs at the time of the incident. The petitioner still has viable causes of action as to assault, battery, and excessive use of force upon which he may continue litigation so as to properly adjudicate his claim.
The petition for writ of certiorari is therefore denied.